FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
JUN 16 2005
JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

RONALD JOSEPH PUMA                    PETITIONER

vs.         Civil Case No. 2:05CV00079 HLJ

LINDA SANDERS, Warden,
FCI, Forrest City, Arkansas                RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

Now before the court is Respondent's Motion to Dismiss this petition for a writ of habeas corpus under 28 U.S.C. § 2241 by Ronald Joseph Puma, an inmate of the Federal Correctional Institution in Forrest City, Arkansas. Petitioner was convicted by a jury on March 2, 1990, of various drug, money laundering and racketeering charges in an unnamed district court within the Fifth Circuit Court of Appeals, and he is now serving concurrent sentences amounting to thirty years imprisonment. He states the Fifth Circuit affirmed his convictions and sentences, and the United States Supreme Court denied certiorari. He further states he filed a petition under 28 U.S.C. § 2255 on September 5, 1995, and was granted partial relief in 1998 when the district court vacated his conviction under 28 U.S.C. § 846. On appeal, the Fifth Circuit affirmed his other convictions on February 17, 2000. He filed a second § 2255 petition on May 31, 2000, requesting reversal of his criminal enterprise conviction under Richardson v. United

States, 526 U.S. 813 (1999),[1] but the district court denied relief on September 10, 2003, and the Fifth Circuit denied his request for a certificate of appealability on September 24, 2003.

In the present petition, he contends his sentences were based on factual determinations not submitted to a jury, and which increased his sentences beyond the Sentencing Guidelines range, and thus his sentences should be set aside under the Supreme Court's recent decisions in Apprendi v. New Jersey, 530 U.S. 466 (2000), Blakely v. Washington, --- U.S. ----, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and United States v. Booker, --- U.S. ----, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

Respondent contends the petition should be dismissed because it challenges Petitioner's convictions and sentences and therefore must be brought under 28 U.S.C. § 2255 in the district in which Petitioner was convicted and sentenced. Challenges to convictions are more properly brought under 28 U.S.C. § 2255 in the sentencing court, rather than in a § 2241 petition in the district of confinement. See United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000). The savings clause of § 2255 allows a petitioner to challenge his conviction or sentence under § 2241, but "only if it 'appears that the remedy by [§ 2255] motion is inadequate or

---

[1] The Court held in Richardson that a jury must unanimously agree not only that the defendant engaged in a continuing criminal enterprise, but which violations constitute a "continuing series" of violations

ineffective to test the legality of his detention.'" Id.; 28 U.S.C. § 2255. It is petitioner's burden to establish § 2255 is inadequate or ineffective as a remedy. DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986).

> Specifically, the § 2255 motion is not inadequate or ineffective merely because § 2255 relief has already been denied, or because petitioner has been denied permission to file a second or successive § 2255 motion, or because a second or successive § 2255 motion has been dismissed, or because petitioner has allowed the one year statute of limitations and/or grace period to expire.

United States v. Lurie, 207 F.3d at 1077 (citations omitted).

Petitioner contends § 2255 is inadequate as a remedy because courts in the Fifth Circuit have already held that Booker does not apply retroactively, and thus there is no avenue available there to process his claim; his arguments were available at his sentencing under Winship, but counsel failed to use them and his arguments were not available when he filed his previous petitions under § 2255.

As the Eighth Circuit explained in U.S. ex rel Perez v. Warden, FMC, Rochester, 286 F.3d 1059 (8th Cir. 2002),

> We have held that a " § 2255 motion is not inadequate or ineffective merely because § 2255 relief has already been denied, or because [a prisoner] has been denied permission to file a second or successive § 2255 motion." United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir.2000) (internal citations omitted). So too, we believe § 2255 is not inadequate or ineffective simply because a new constitutional doctrine which could reduce a federal prisoner's existing sentence cannot be applied retroactively. In that case, only a substantive legal rule (the new constitutional doctrine's non-retroactivity) prevents the federal prisoner from

3

AO 72A
(Rev.8/82)

correcting his sentence. Of course, that impediment
cannot be charged to the § 2255 remedy. We believe the
remedy by motion is adequate and effective to raise an
Apprendi claim, which challenges the imposition of a
sentence exceeding the maximum sentence permitted by law.
See 530 U.S. at 490, 120 S.Ct. 2348. Section 2255
accommodates such a claim by authorizing a motion to
"correct the sentence" "upon the ground that the sentence
was imposed in violation of the Constitution or laws of
the United States, ... or that the sentence was in excess
of the maximum authorized by law."

Appellants' attempts to gain relief have not been
hampered by the § 2255 remedy itself. Rather, they cannot
presently obtain relief because the constitutional
doctrine announced in Apprendi has not been made
retroactive by the Court. The most convincing
demonstration of this point is that if the Court makes
Apprendi 's new rule retroactive, Perez and Ruotolo may
then raise their claims in second § 2255 motions. See 28
U.S.C. § 2255(3). Thus § 2255 is not "inadequate or
ineffective."

Id. at 1062.

In Apprendi, 530 U.S. at 490, the Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." In Blakely, the Court held that, for Apprendi purposes, "the relevant "statutory maximum" is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings." 124 S.Ct. at 2537. Thus, Blakely may be characterized as an extension of Apprendi, which means that it also is not retroactive.

In Booker, the Court held that federal sentencing guidelines are subject to the Sixth Amendment's jury trial requirements, and,

4

that the guidelines are merely advisory, and not mandatory. The Supreme Court explicitly found Booker was not retroactive. 125 S.Ct. at 769. Thus, Petitioner's inability to obtain relief under § 2255 is not hampered by the remedy itself, but by the fact that the Supreme Court has not made the principles announced in Apprendi, Blakely and Booker available to persons whose convictions were final at the time of the decisions. I find § 2255 is not inadequate to raise Petitioner's sentencing claims and Respondent's Motion to dismiss must be granted.

IT IS THEREFORE ORDERED that this petition be, and it is hereby, dismissed with prejudice. The relief prayed for is denied.

SO ORDERED this 16th day of June, 2005.

_____
United States Magistrate Judge

5