FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
JUN 20 2005
JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

RONALD JOSEPH PUMA                                PETITIONER

vs.                 Civil Case No. 2:05CV00079 HLJ

LINDA SANDERS, Warden,
FCI, Forrest City, Arkansas                         RESPONDENT

## REVISED PROPOSED FINDINGS AND RECOMMENDATIONS

Now before the court is Respondent's Motion to Dismiss this petition for a writ of habeas corpus under 28 U.S.C. § 2241 by Ronald Joseph Puma, an inmate of the Federal Correctional Institution in Forrest City, Arkansas. Petitioner was convicted by a jury on March 2, 1990, of various drug, money laundering and racketeering charges in an unnamed district court within the Fifth Circuit Court of Appeals, and he is now serving concurrent sentences amounting to thirty years imprisonment. He states the Fifth Circuit affirmed his convictions and sentences, and the United States Supreme Court denied certiorari. He further states he filed a petition under 28 U.S.C. § 2255 on September 5, 1995, and was granted partial relief in 1998 when the district court vacated his conviction under 28 U.S.C. § 846. On appeal, the Fifth Circuit affirmed his other convictions on February 17, 2000. He filed a second § 2255 petition on May 31, 2000, requesting reversal of his criminal enterprise conviction under Richardson v. United

States, 526 U.S. 813 (1999),[1] but the district court denied relief on September 10, 2003, and the Fifth Circuit denied his request for a certificate of appealability on September 24, 2003.

In the present petition, he contends his sentences were based on factual determinations not submitted to a jury, and which increased his sentences beyond the Sentencing Guidelines range, and thus his sentences should be set aside under the Supreme Court's recent decisions in Apprendi v. New Jersey, 530 U.S. 466 (2000), Blakely v. Washington, --- U.S. ----, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and United States v. Booker, --- U.S. ----, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

Respondent contends the petition should be dismissed because it challenges Petitioner's convictions and sentences and therefore must be brought under 28 U.S.C. § 2255 in the district in which Petitioner was convicted and sentenced. Challenges to convictions are more properly brought under 28 U.S.C. § 2255 in the sentencing court, rather than in a § 2241 petition in the district of confinement. See United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000). The savings clause of § 2255 allows a petitioner to challenge his conviction or sentence under § 2241, but "only if it 'appears that the remedy by [§ 2255] motion is inadequate or

---

[1] The Court held in Richardson that a jury must unanimously agree not only that the defendant engaged in a continuing criminal enterprise, but which violations constitute a "continuing series" of violations

AO 72A
(Rev.8/82)

ineffective to test the legality of his detention.'" Id.; 28 U.S.C. § 2255. It is petitioner's burden to establish § 2255 is inadequate or ineffective as a remedy. DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986).

> Specifically, the § 2255 motion is not inadequate or ineffective merely because § 2255 relief has already been denied, or because petitioner has been denied permission to file a second or successive § 2255 motion, or because a second or successive § 2255 motion has been dismissed, or because petitioner has allowed the one year statute of limitations and/or grace period to expire.

United States v. Lurie, 207 F.3d at 1077 (citations omitted).

Petitioner contends § 2255 is inadequate as a remedy because courts in the Fifth Circuit have already held that Booker does not apply retroactively, and thus there is no avenue available there to process his claim; his arguments were available at his sentencing under Winship, but counsel failed to use them and his arguments were not available when he filed his previous petitions under § 2255.

As the Eighth Circuit explained in U.S. ex rel Perez v. Warden, FMC, Rochester, 286 F.3d 1059 (8th Cir. 2002),

> We have held that a " § 2255 motion is not inadequate or ineffective merely because § 2255 relief has already been denied, or because [a prisoner] has been denied permission to file a second or successive § 2255 motion." United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir.2000) (internal citations omitted). So too, we believe § 2255 is not inadequate or ineffective simply because a new constitutional doctrine which could reduce a federal prisoner's existing sentence cannot be applied retroactively. In that case, only a substantive legal rule (the new constitutional doctrine's non-retroactivity) prevents the federal prisoner from

3

correcting his sentence. Of course, that impediment cannot be charged to the § 2255 remedy. We believe the remedy by motion is adequate and effective to raise an Apprendi claim, which challenges the imposition of a sentence exceeding the maximum sentence permitted by law. See 530 U.S. at 490, 120 S.Ct. 2348. Section 2255 accommodates such a claim by authorizing a motion to "correct the sentence" "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, ... or that the sentence was in excess of the maximum authorized by law."

Appellants' attempts to gain relief have not been hampered by the § 2255 remedy itself. Rather, they cannot presently obtain relief because the constitutional doctrine announced in Apprendi has not been made retroactive by the Court. The most convincing demonstration of this point is that if the Court makes Apprendi's new rule retroactive, Perez and Ruotolo may then raise their claims in second § 2255 motions. See 28 U.S.C. § 2255(3). Thus § 2255 is not "inadequate or ineffective."

Id. at 1062.

Thus, although Petitioner may not assert his claims under § 2255 because the Supreme Court has not made Apprendi, Blakely or Booker retroactive to cases on collateral review, this does not render that remedy inadequate under the savings clause, and Petitioner may not pursue his claims under § 2241.

IT IS THEREFORE ORDERED that this petition be, and it is hereby, dismissed with prejudice. The relief prayed for is denied.

SO ORDERED this 10th. day of June, 2005.

_____
United States Magistrate Judge

4